762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
WILLIAM GLENN MITCHELL (83-5566); RAMONE RUIZ; RUBIN RUIZ;
AND RODOLFO RUIZ (83-5567), JUAN MARTINEZ
(83-5757), OCTAVIANO URESTI (83-5758),
DEFENDANTS-APPELLANTS.
 NO. 83-5566, 83-5567, 83-5757, 83-5758
 United States Court of Appeals, Sixth Circuit.
 4/10/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 BEFORE: LIVELY, Chief Judge; ENGEL and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a consolidated appeal by six defendants who were charged with conspiracy to possess and distribute marijuana and with possession of marijuana for the purpose of distribution. All six defendants were ultimately found guilty of conspiracy following jury trials. Two of the defendants were convicted on both conspiracy and possession charges.
 
 
 2
 The indictment charged a conspiracy to transport a large quantity of marijuana from Texas to Tennessee for distribution. The indictment charged 15 over acts between September 1, 1982 and December 20, 1982, each involving one or more of the alleged conspirators. A great deal of circumstantial evidence was involved, but direct evidence consisted of marijuana seized from a U-Haul truck which had been driven from Texas to Memphis, Tennessee and which was searched pursuant to a warrant. Searches authorized by warrants were also conducted at the home of the defendant Mitchell and drug records and cash were seized. In addition, hotel rooms occupied by the defendants Rodolfo Ruiz, and Martinez and Uresti were searched and evidence was seized which linked them circumstantially to the defendant Mitchell.
 
 
 3
 On appeal the defendants join in urging this court to reverse the conviction for alleged prosecutorial misconduct. The defendants contend that the most damaging government witness, Thomas Marchbanks, a convicted drug dealer, engaged in illegal drug transactions while acting as a government informant and that the government failed to advise the defendants so they could use this information to impeach Marchbanks at the trial. This record discloses that the government had no proof that Marchbanks did engage in illegal drug activities during the investigation and that a rumor to that effect was totally unconfirmed. Marchbanks was asked on cross-examination by defense counsel whether he had engaged in illegal drug activities during the period involved and denied that he had. The defense had, and used, other information to impeach Marchbanks. In fact, following its usual strategy, the government brought out Marchbanks' previous record in anticipation of a defense attack on his credibility. From the entire record this court does not believe that a violation of Brady v. Maryland, 373 U.S. 83 (1963), occurred.
 
 
 4
 The defendants argue that there were other instances during the trial in which the government engaged in prosecutorial misconduct and that even if no single instance would be sufficient to warrant reversal, the cumulative effect of these various activities was to deny the defendants a fair trial. The court has examined each of the claimed acts of prosecutorial misconduct individually and has considered them in combination, and concludes that the defendants received a fair trial.
 
 
 5
 The defendants Mitchell, Rodolfo Ruiz and Juan Martinez all contend that there was not probable cause to issue the search warrants which were used in this case and that all evidence which resulted from the execution of the warrants should be suppressed. Three separate warrants were issued on the basis of a single lengthy affidavit. Reading the affidavit and warrants in a common sense rather than hyper-technical fashion, this court finds that the affidavit was sufficient to establish probable cause for the searches which resulted from issuance of the warrants. United States v. Ventresca, 380 U.S. 102 (1965). Further, we find nothing in the record to indicate that the officers who executed the search warrants had any reason to doubt that they had been issued on the basis of a showing of probable cause. Under these circumstances, even if we should now conclude that probable cause did not exist, suppression of the evidence would not follow. United States v. Leon, ---- U.S. ----, 104 S. Ct. 3405 (1984).
 
 
 6
 This court has carefully considered all of the issues raised by the defendants-appellants and concludes that they had a fair trial and that no reversible error was committed by the district court. Accordingly, the judgments of conviction are affirmed.